P. J. Weber, Appellee, v. La Verne W. Noyes, Appellant.

Gen. No. 14,704.

1. CONTRACTS—*when custom controls.* It is proper for the jury to find that an architect is entitled to recover for his services at the usual and customary rate of charge, if the evidence tends to establish that his services were reasonably worth such an amount.

2. TRIAL—*when contention of counsel not ground for reversal.* *Held,* that the asking of the following question: "You had some difficulty, did you not, with non-union labor concerning the filling under that floor?" though not pertinent to any issue in the case, did not constitute such conduct as would justify a reversal where the question was objected to and the objection immediately acquiesced in by counsel asking the objectionable question.

*Assumpsit.* Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

JONES, ADDINGTON & AMES, for appellant.

DUNN & HAYES, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee as plaintiff brought *assumpsit* in the Municipal Court to recover $1047.37 claimed to be due him from the defendant for his services as an architect in drawing plans and specifications for and superintending the construction of a building for the defendant in Chicago. Plaintiff had a verdict for $800. A motion for new trial was denied and judgment entered on the verdict, and the defendant appealed. But two grounds of reversal are argued in the brief for appellant. The first is that, "The appellee should have been restricted in his recovery to four per centum of the cost of construction;" the second that, "The reversal should be awarded because of the misconduct of ap-

pellee's counsel.'' Plaintiff's compensation on a basis of four per cent of the cost of the building, $65,949.47, would be $2637.89, on a basis of five per cent $3297.47, and he had been paid $2250.

The contract of employment was verbal and there was no express agreement as to the compensation of the plaintiff. Nothing was said on that subject by either party. The evidence for the plaintiff tended to show that the customary fees or charges of architects in Chicago was five per cent of the cost of the building. On this basis the balance due plaintiff would be $1047.37. Plaintiff had, a few months before the construction of the building in question, designed and superintended the construction of another building for the defendant, for which he charged four per cent of the cost for his services. The two buildings were part of the same general plant. The defendant offered no evidence as to the customary charges of architects. The contention of appellant is that as plaintiff had charged defendant but four per cent for the first building, by his conduct in accepting the order for the second building and proceeding under such order, without indicating that his charges for that building would be at a different or higher rate per cent of the cost than he had charged and accepted for the first building, he was restricted to the same rate per cent of the cost of the second building that he had charged and accepted for the first. With this contention we cannot agree. To so hold would be to hold that without any special agreement of the parties to that effect it was a part of the agreement for the second building that plaintiff should receive for his services compensation at the same rate per cent of the cost that he had charged and accepted for the first. The two agreements were separate and distinct agreements, and we cannot, by implication, put into the second agreement anything that the parties did not make a part of such agreement. The parties having failed to agree as to the compensation of the plaintiff for his services in re-

spect to the second building, the law implies a promise
by the defendant to pay the plaintiff the fair and rea-
sonable value of such services. From the undisputed
evidence that the customary charges for such services
as the plaintiff rendered in respect to the second build-
ing are five per cent of the cost, the jury might prop-
erly have found that the reasonable value of plaintiff's
services in respect to the second building was five per
cent of its cost. The amount of plaintiff's compensa-
tion remaining unpaid, on a basis of five per cent of
the cost, is greater than the amount of the verdict,
and appellant has no just reason to complain of the
amount of the judgment.

One of the contentions of defendant on the trial was
that the plaintiff had neglected his duty to properly
superintend the construction of the building, to the
damage of the defendant. On this question much tes-
timony was introduced by each party. Such testimony
is conflicting, and it is conceded by appellant's counsel
that the judgment should not be reversed on the ground
that the verdict, on that issue, was against the weight
of the evidence. But appellant contends that the evi-
dence being conflicting, the judgment should be re-
versed because of the misconduct of plaintiff's counsel
on the trial. Defendant at the trial contended that
through the fault of the plaintiff the floor of the forge
room was defective and faulty; that its pitch was
neither proper nor uniform, and introduced testimony
tending to support such contention. Defendant was
called as a witness in his own behalf, and testified to
conversations with plaintiff in reference to the proper
pitch of the forge room floor, but not as to the con-
struction of the floor or the filling under the floor. On
his cross-examination he was asked by plaintiff's coun-
sel the following question: "Q. You had some diffi-
culty, did you not, with non-union labor concerning the
filling under that floor?" The defendant objected to
the question and the objection was sustained by the
court. The conduct of plaintiff's counsel complained

of is the asking of the question above set forth. The cinder filling under the cement floor of the forge room was put in by the cement contractor, the Imperial Company, not by the defendant. The question did not relate to any matter to which the defendant had testified in chief, and for that reason was not proper cross-examination, and we are unable to perceive the relevancy of the subject-matter of the question to any issue in the case. While we think the question was not proper and that the objection to it was properly sustained, we are unable to perceive in the question, or in any conduct of plaintiff's counsel, any purpose to prejudice the jury against the defendant. Counsel at once acquiesced in the ruling of the court and did not further pursue the inquiry.

We think the trial court did not err in refusing to grant a new trial because of the asking of said question by plaintiff's counsel. The record is, we think, free from error, and the judgment of the Municipal Court will be affirmed.

*Affirmed.*